## THE STATE v. ARCHER.

1. **Practice : CONTEMPT.** A witness who is in contempt may be arrested upon a warrant directing the arrest in vacation, but the court may also order his discharge by the officers intrusted with the writ, upon bail fixed by the court. These proceedings, however, are authorized only in a case of actual contempt, and when necessary to the proper administration of justice.

State v. Archer.

*Appeal from Montgomery District Court.*

FRIDAY, APRIL 19.

THE abstract presents the facts of the case in the following language:

"At the term of the District Court of said county, in November, 1877, there was pending the case of the *State of Iowa v. Wm. & S. E. Newton,* on indictment charging said defendants with the crime of keeping a nuisance; that the name of appellee herein was on the back of said indictment, indorsed as a witness before the grand jury, and was the only name so indorsed, and the only witness the State had; that during term time, to-wit: November 14th, defendant herein was duly and legally subpœnaed, in said county, to appear and testify in said case; that November 15th said case was called for trial, and appellee duly called as a witness, but made no answer, and did not appear, whereupon the district attorney asked for an attachment against appellee, that he might be dealt with as for a contempt, which writ was accordingly issued, and said case continued for the term. Afterwards, on the — day of November, 1877, it being the last day of said term of court, said court being about to adjourn until court in course, and the sheriff and his deputies not being able to find appellee, nor make his arrest by virtue of said writ, the district attorney asked that an order might be issued directing the sheriff to arrest him, though it be in vacation, wherever found in said county, and that, if arrested, that appellee might be admitted to bail, in responsible sum, requiring him to appear at the next term, to answer of said contempt, all of which the court refused, and discharged said attachment, to which rulings, on said day, the district attorney then and there excepted."

The State appeals.

*Smith McPherson, District Attorney,* for the State.

No appearance for the appellee.

BECK, J.—I.   The witness, being in contempt, could have been brought before the court upon a warrant returnable at a given day.   Code, § 3496.   There is no reason why this day may not be of a subsequent term of the court, if the administration of justice requires it.   If the case so requires, the error may be made at any time.   But the court, in view of such an arrest before the return day, in favor of the prisoner, may direct his discharge upon bail to be fixed by the court.   The officer serving the warrant would be authorized to discharge the prisoner upon his giving bail in the required amount.   Code, § 4217.

1. PRACTICE: contempt.

These proceedings must only be had upon an actual contempt, and it must appear that the proper administration of justice demands it, as in a case where the witness cannot be arrested at all, except upon a warrant which may be served in vacation.   The issuing of such a writ rests in the discretion of the judge, to be exercised in accord with the law.   If the discretion is abused, it is error which the court will correct.

II.   The record does not show that the discretion to be exercised in such case was abused by the court below.   We will presume that the court has acted rightly until its action has been made to appear erroneous.   We will presume that, for some good reason, the court below refused to issue the writ, as that the necessity for the writ was not made to appear, or that the witness could be arrested at the next term of court, or other matters of this character.

The judgment of the court below is

AFFIRMED.