## O. F. FRISBY v. STATE.

No. A-285.   Opinion Filed February 6, 1911.

**TRIAL—Discretion of Court—Allowing Further Testimony After Close.**
Upon the closing of the testimony on behalf of the state and an announcement of rest by the state, and also by the defendant for the purpose of interposing motion or demurrer, it is an abuse of discretion for the trial court to refuse to allow the defendant to withdraw his announcement and offer testimony in his behalf.

(Syllabus by the Court.)

*Appeal from Washita County Court; L. R. Sheen, Judge.*

O. F. Frisby was convicted in the county court of Washita county on a charge of giving away whisky, and he appeals. Reversed and remanded.

*T. A. Edwards,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   O. F. Frisby was convicted in the county court of Washita county on the 19th day of January, 1908, on the charge of giving away whisky. At the trial the state's testimony was introduced and the state rested. Whereupon the appellant announced that he rested and interposed what he terms a demurrer to the evidence of the state. It was overruled by the court. The appellant thereupon asked leave to withdraw his announcement, and the court refused to allow him this privilege. He offered to introduce evidence in his behalf, which was also denied by the court, and the appellant excepted. There are a number of assignments of error in the record; the only ones we deem it necessary to consider are numbers five and six, which raise this particular question. The demurrer to the evidence was not the proper step. What the appellant clearly intended was to have the court advise the jury to return a verdict of not guilty. When the court had refused the relief asked for he should have permitted the appellant to offer testimony in his behalf, and we

think it was clearly an abuse of discretion to deny him this right. The appellant filed a motion for a new trial and set this up as one of his grounds, which motion was overruled and he excepted. This motion should have been sustained. It was error in the court to overrule it.

The judgment is reversed, and the cause remanded, with directions to the court below to grant a new trial.

FURMÁN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.