## ODUS W. DAVIS v. STATE.

No. A-3083—Opinion Filed April 21, 1919.

Rehearing Denied Sept. 6, 1919.

(182 Pac. 908.)

1. **INTOXICATING LIQUORS—Possession with Intent to Sell—Evidence.** In a prosecution for having possession of intoxicating liquor with intent to sell the same, where the evidence shows that the place where intoxicating liquor is found is a public place to which any person might resort, evidence that the general reputation of said place is that it is a place where liquors are sold is competent and admissible.

2. **SAME—Sufficiency of Evidence.** The entire record in this case carefully considered, and the evidence found sufficient to support the verdict and the judgment thereon rendered, and that the record is free from prejudicial error.

*Appeal from Superior Court, Muskogee County;*

*H. C. Thurman, Judge.*

Odus W. Davis was convicted of having possession of intoxicating liquors with the unlawful intent of selling the same, and appeals. Affirmed.

*W. J. Crump, M. G. Bailey,* and *Don M. Crump,* for plaintiff in error.

*S. P. Freeling*, Atty. Gen., and *R. McMillan*, Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, Odus W. Davis, hereinafter styled defendant, was informed against for the offense of having possession of intoxicating liquors with the unlawful intention of selling the same, convicted, and sentenced to serve a term of 60 days in the county jail of Muskogee county, Okla., to pay a fine of $250, and to pay the costs of this prosecution, and to stand committed until said fine and costs were paid. To reverse the judgment rendered, he prosecutes this appeal.

The evidence in this case is that there was a drug store, known as the "Owl Drug Store," being conducted in the town of Haskell, in Muskogee county; that said drug store had upon it a sign reading, "Owl Drug Store — Davis, Prop."; that it was generally reputed in the community that the said store was the place of business of the defendant, where he usually was found, and that the defendant stated that he owned the said drug store; that there were also others in said store aiding in conducting the same; that the general reputation of said drug store was that it was a place where liquors were kept and sold; that liquor was sold in said store, but that the defendant in person did not make said sales; that on the 3rd day of January, 1917, officers of the law raided the said store, and found therein, behind the prescription case and in other places in said store, about "three quarts of Crystal Brook whisky, a quart of Gordon gin, a part of a quart of Crystal Brook whisky, and a quart of Violet Springs whisky"; that a part of a quart of the gin and some of the whisky were sitting at the end of the prescription case, and one quart of Crystal Brook whisky was in one of the drawers about the center of the drug store; that

there were also found glasses a little larger than a whisky glass in said store; that, when the officers went into said store to search the same, the defendant was using the toilet in said store, and that, when they found said whisky, one of the officers called the defendant, who came out of the toilet into the room where the whisky was found; that one of the officers showed the defendant the whisky that had been found in the store; that the defendant made no replies to questions asked him by the officers, went to the front of the store, slipped out, and was not again seen by the officers that day.

The defendant did not offer any evidence in the case.

The defendant first complains that the court erred in overruling the demurrer to the evidence.

A demurrer to the evidence is not authorized under Procedure Criminal of this state as the proper procedure to attack the sufficiency of the evidence. If the defendant thinks the evidence insufficient to sustain a conviction, he should request the court to direct the jury to acquit. Section 5896, Rev. Laws 1910; *Frisby v. State,* 5 Okla. Cr. 660, 115 Pac. 472.

However, we will consider said demurrer to the evidence as in effect requesting a directed verdict.

The uncontradicted evidence which clearly shows that a large quantity of intoxicating liquors was found in the drug store, generally reputed to be, and stated by the defendant as being, his place of business, at the time averred in the information; that within the time covered by said information whisky had been unlawfully sold in said drug store by persons engaged in aiding to conduct said store, but that such sales were not made by the defendant in person—together with evidence that the general reputation

of the drug store in which said liquors were found was
that it was a place where whisky was sold, was, especially
in view of the fact that the defendant did not offer any
defense to the offense charged, sufficient to authorize the
jury to reasonably infer that the defendant was interested
in the intoxicating liquors found upon his premises, said
drug store; and the quantity of intoxicating liquors found
in said store was prima facie evidence, which was not
rebutted, that his intention was to unlawfully dispose of
the same; and the court would have erred had he directed
the jury to acquit the defendant.

In *Ex parte Metcalf,* 8 Okla. Cr. 605, 129 Pac. 675, 44
L. R. A. (N. S.) 513, it is held:

"In prosecutions for illegal possession of intoxicating
liquors for the purpose of violating the prohibitory liquor
law, it is not necessary to prove that the defendant actually
owned the liquors in question.   Proof that the defendant was
in possession of such liquors, with the intention of violating
the prohibitory liquor law, will sustain a conviction."

In *Billy Miles v. State,* 14 Okla. Cr. 97, 167 Pac. 636,
it is said:

"That the evidence shows that in the execution of a
search warrant against the Diamond Drug Store, in the
city of Tulsa, the officers found a sack containing about
40 bottles of beer behind the prescription case.   There was
evidence tending to show that Billy Miles was the owner
and proprietor of said drug store.   There was no evidence
offered" by the defendant.

It was held in said case that the evidence was suffi-
cient to support the verdict.

Questions of fact are to be decided by the jury, and,
when competent evidence has been introduced tending to
prove the material allegations of the information, its weight

and sufficiency are for the jury, not for the court. Section 5873, Revised Laws 1910.

It is contended that illegal testimony was erroneously admitted as to the ownership of said drug store, and as to the general reputation of the same, and with this contention we cannot agree. The defendant stated that it was his place of business in which said liquors were found, and the sign over its door read "Owl Drug Store—Davis, Prop." The evidence that said drug store had the general reputation of being a place where whisky was sold was properly admitted.

In *Dunbar v. State,* 15 Okla. Cr. 513, 178 Pac. 699, it is said:

"It is also contended that the court erred in permitting the state to prove the general reputation of the place where intoxicating liquors were found in defendant's possession, as being a place where intoxicating liquors were unlawfully sold. This contention is without substantial merit; there being some evidence to the effect that such place was one commonly resorted to by divers persons who were in the habit of drinking intoxicating liquors, and also evidence to the effect that defendant had made sales of intoxicating liquors at such place a short time previous to the time these particular liquors were found there."

See *Ward v. State,* 15 Okla. Cr. 150, 175 Pac. 557. See, also, *Cameron v. State,* 13 Okla. Cr. 692, 167 Pac. 339.

"In a trial for possession of intoxicating liquor with intent to sell the same, where the proof shows such possession at a place of public resort, and that such place was used for the purpose of selling intoxicating liquor, evidence of the general reputation of the place is admissible on the question of intent." *Caffee v. State,* 11 Okla. Cr. 263, 145 Pac. 499.

Complaint is also made of the giving of the third instruction, given the jury, but, when the same is considered, as it must be, in connection with the other instructions of the court, the law of the case is sufficiently covered, and the giving of said third instruction is not prejudicial to the substantial rights of the defendant.

The motion for a new trial was properly overruled.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.