R. J. BLAND v. STATE.

No. A-3573—Opinion Filed Nov. 20, 1920.

Rehearing Denied April 14, 1921.

(196 Pac. 732.)

(Syllabus.)

1. CRIMINAL LAW—Procedure—Code and Common-Law. The procedure, practice, and pleadings in courts of record, in criminal actions or in matters of a criminal nature, not specifically provided for in the Code of Criminal Procedure, are in accordance with the procedure, practice, and pleading of the common law.

2. INDICTMENT AND INFORMATION—Lost Instrument—Substitution of Copy. Where an indictment of information is lost, and where the clerk has failed to make a record thereof, as provided by section 6134, Revised Laws 1910, the common law prevails. Under such circumstances, at common law a court of record had inherent power to preserve and protect its own records, and to substitute copies of lost records.

3. INTOXICATING LIQUORS—Unlawful Possession—Evidence—Reputation of Place. In a prosecution for having unlawful possession of intoxicating liquor, where proper predicate is laid, the general reputation of the place in which such liquors were found,

that it is a place where intoxicating liquors are kept for sale and sold, is competent annd admissible.

4. **JUDGMENT AND SENTENCE—Punishment—Duty of Court.** Under section 5934, Revised Laws 1910, where the jury returns a verdict of guilty, but fails to assess the punishment to be inflicted, it is the duty of the court to assess and declare the punishment.

*Appeal from County Court, Ottawa County;*

*C. S. Wortman, Judge.*

R. J. Bland, *alias* Cedar Red, was convicted of unlawful possession of intoxicating liquors, and he brings error. Affirmed.

*Mason, Church & Jones,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Ottawa county, wherein R. J. Bland, *alias* Cedar Red, was convicted of the crime of unlawful possession of intoxicating liquors, and sentenced to pay a fine of $250 and to serve a term of 60 days' imprisonment in the county jail.

The proncipal alleged error relied upon for reversal is that the trial court had no jurisdiction to try defendant on a substituted information. The facts with reference to this assignment of error are as follows, as shown by the case-made: On the 14th day of January, 1919, the county attorney of Ottawa county filed in the county court of said county an information, duly verified on oath, charging defendant, R. J. Bland, *alias* Cedar Red, with the unlawful possession of certain whisky with intent to sell the same. Defendant was arrested and entered into an appearance bond on January 14, 1919. Thereafter, on the

16th-day of January, ·1919, defendant appeared in court, and by his attorney, entered a demurrer to said information, upon the· ground that the same did not state facts sufficient to constitute a crime against the state of Oklahoma. It does not appear that the demurrer filed to the original information was ever ruled upon by the trial· court. On the 7th day of February, 1919, it appears that the cause was called for trial, at which time, it appearing to the court that the original information was lost, and that the court clerk had made no copy of the same of record, and that a trial could not be had, either upon the original information or a certified copy thereof, the county attorney was permitted by the trial court to file a substituted information, which was identical in substance and form with the original information, except that the same was not verified, and the trial court then permitted the same person to verify the substituted copy who had verified the original information, and defendant then interposed a demurrer to the substituted information on the ground that the same did not state facts sufficient to charge an offense against defendant, which demurrer was overruled, and the trial proceeded, resulting in a verdict of guilty with the punishment assessed at a fine of $100 and 60 days' imprisonment in the county jail. Defendant thereupon filed a motion for a new trial, the second ground of which is as follows:

"For the reason that the defendant heretofore on the 16th day of January, 1919, was arraigned, and pleaded to an information filed on the 14th day of January, 1919, and in his plea of not guilty thereto, and that thereafter, to wit, on the 7th day of February, 1919, a jury was impaneled and sworn to try said defendant on said information so filed, and pleaded to, and that after said jury was sworn and impaneled to try said defendant on said information, over

the objections and protest of the defendant, the county attorney was permitted to, and did, substitute and try defendant on an information which was a copy of a copy of the original information filed in this case, and that said copy of the copy of the information, upon which the defendant was forced to go to trial was sworn to and filed in this court after the jury had been impaneled and sworn to try said defendant on said original information, and that the court had not power and jurisdiction to put said defendant on trial on said substituted information, purporting to be the copy of the original information, filed in this case."

The trial court granted defendant a new trial, and the cause was thereafter called for trial on the 22d day of April, 1919, at which time defendant urged similar objections to the jurisdiction of the court over the subject-matter of the action that had been raised on the first trial, and also further objected to proceeding on the ground of former jeopardy, in that the jury had been discharged, over defendant's objection, on the first trial, after having been impaneled and sworn to try defendant on the original information.

The latter objection is entirely without merit, because, if for no other reason, the same is not substantiated by the record; and the objection that the court was without jurisdiction to try defendant on a substituted information under the facts in this case is also without merit, for the reason that the court had inherent power at common law, and independent of any statute, to preserve and protect its own records and to substitute copies of lost records. *State v. Ireland,* 109 Me. 158, 83 Atl. 453, 41 L. R. A. (N. S.) 1079, Ann. Cas. 1913E, 604, and authorities cited in body of opinion and note thereto.

Section 5543, Revised Laws 1910, provides:

"The procedure, practice and pleading in the courts of record in this state, in criminal actions or in matters of criminal nature, not specifically provided for in this Code, shall be in accordance with the procedure, practice and pleading of the common law."

There being no specific procedure for the substitution of an indictment or information, where the same is lost and where the clerk fails to make a record thereof as required by section 6134, Revised Laws 1910, the common law prevails, and the court had inherent power to substitute a true and correct copy of the lost information (which was done in this case), and had jurisdiction to try defendant upon the substituted information. We hold, therefore, that the assignment of error that the court was without jurisdiction to try defendant on a substituted copy of the information, under the facts disclosed by this record, is without merit.

The objection that the court erred in admitting certain incompetent, irrelevant and immaterial evidence, which was prejudicial to the substantial rights of defendant, is also without merit under the holding of this court in the following case: *Ward v. State,* 15 Okla. Cr. 150, 175 Pac. 557; *Dunbar v. State,* 15 Okla. Cr. 513, 178 Pac. 699; *Davis v. State,* 16 Okla. Cr. 372, 182 Pac. 908.

It is also contended that the court had no jurisdiction to sentence defendant on the verdict of the jury, for the reason that defendant requested the trial court to instruct the jury that if they found defendant guilty, to assess the punishment, which instruction was given by the trial court, and, the jury failing to assess the punishment in the verdict, and failing to state in the verdict that they were unable to agree upon the punishment, the court was without jurisdiction to sentence defendant. We find no merit in

this contention, under the holding of this court in the following cases:   *Blair v. State,* 4 Okla. Cr. 359, 111 Pac. 1003; *Newton v. State,* 14 Okla. Cr. 226, 170 Pac. 270; *Fain v. State,* 14 Okla. Cr. 556, 174 Pac. 296.

Finding no reversible error in the record, the judgment of conviction of the county court of Ottawa county, assessing a fine of $250 against defendant, R. J. Bland, and that he serve a term of 60 days' imprisonment in the county jail, is affirmed.