### FRANK JONES et al. v. STATE.

No. A-3872. Opinion Filed Jan. 30, 1923.
(211 Pac. 1075.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Frank Jones and Harry Bushkirk were convicted of maintaining a liquor nuisance, and they appeal. Reversed.

J. Q. A. Harrod and Lewis R. Morris, for plaintiffs in error.

The Attorney General, for the State.

PER CURIAM. This is a joint appeal from a judgment of conviction against both defendants rendered in the county court of Oklahoma county on the 28th day of June, 1920, in conformity with verdicts against defendants on a trial upon a charge of maintaining a liquor nuisance. Punishment assessed against each defendant at a fine of $50 and imprisonment in the county jail for 30 days.

Numerous errors are assigned, most of which are well founded in law and supported by the record.

The charge was that defendants did keep and maintain a place at 224 West Reno street, in Oklahoma City, where numerous and divers persons unknown did congregate for the purpose of drinking intoxicating liquors, to wit, Jamaica ginger, wine, whisky, and Choctaw beer.

The only evidence tending to support the charge was that on the 6th day of May, 1920, certain officers searched the premises at 224 West Reno street, Oklahoma City, and found both defendants at such place; Bushkirk at the time being behind the counter; that a pop bottle was taken from Bushkirk that the officers said was about one-third full of corn whisky; that in a back room of the building, among numerous empty pop bottles, was found a pop bottle containing some Jamaica ginger; and that a small quantity of Choc beer was found back there. There was no evidence tending to connect defendants with either the Jamaica ginger or Choc beer. A barber shop was also located in part of the building, with an entrance into the room where the Jamaica ginger and Choc beer were found.

There was no evidence that the place had the general reputation of being a place where intoxicating liquors were sold or kept for sale; neither was there any evidence to support the material allegation of the information that divers persons have been permitted to congregate there for the purpose of drinking intoxicating liquors. Jones testified that he was operating a soft drink stand and lunch. Bushkirk was only an employe of Jones. Both defendants established good reputations as law-abiding citizens, and such evidence was uncontradicted.

A witness was permitted to testify, over objection, that she had gone to the place and told them not to sell her husband any more whisky. This evidence was admitted although there was nothing to show that either defendant had ever sold her husband whisky, or other intoxicant, or that her husband had ever visited the place for that purpose, or that either defendant was present.

The allegation that such place was a place where people were permitted to congregate for the purpose of drinking intoxicating liquors was not sustained by competent legal evidence. If the evidence established any offense, it was that of unlawful possession, and not of maintaining a liquor nuisance.

We do not understand that proof of the possession of a very small quantity of intoxicating liquor on one single occasion, even in a public place, is sufficient to support a nuisance conviction, in the absence of proof of the general reputation of such place as one where intoxicating liquors were sold, or in the absence of proof of sales of such liquors having been made on the premises. The statute against unlawful possession is intended to cover such instances, and that is the statute upon which prosecutions should be based, where the

state is unable to supply the additional elements of proof necessary to support a nuisance conviction. The verdict was not the result of the unanimous concurrence of all the jurors, but of only three-fourths thereof.

The judgment is reversed because of failure of proof as to the material allegations of the information and also admission of incompetent evidence which tended to deprive defendants of a fair and impartial trial.