## MRS. J. P. GOEN v. STATE.

No. A-4069.    Opinion Filed May 19, 1923.

(214 Pac. 1085.)

(Syllabus.)

Intoxicating Liquors—Evidence to Sustain Conviction for Maintaining Liquor Nuisance. Evidence examined and held sufficient to sustain conviction of defendant of the offense of maintaining a liquor nuisance.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Mrs. J. P. Goen was convicted of maintaining a liquor nuisance, and she appeals. Affirmed.

H. F. Tripp, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, wherein on the 3d day of May, 1921, plaintiff in error, hereinafter referred to as defendant, was convicted of the offense of maintaining a liquor nuisance and punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days.

Plaintiff in error was jointly informed against with Roy M. Lokey, J. P. Karver, and E. J. Hubbard, and on a joint trial Lokey and Karver were acquitted and Hubbard and Goen convicted. The defendant, Goen, alone prosecutes this appeal. The premises on which it was alleged the defendant main-

tained such nuisance were located at 3233 West Twenty- Third St., Oklahoma City, Okla., and the time covered by the information was the 23d day of March, 1921, and for a long time prior thereto. The facts are about as follows: Several officers made a raid on these premises on the 23d of March, 1921, and discovered a whisky still and several gallons of corn whisky, contained in 5-gallon water bottles. Defendants Goen and Hubbard were not at the premises when the officers first went there, but returned to the premises in a Ford car which contained three 5-gallon bottles partially filled with corn whisky concealed in tow sacks. One of these bottles was broken before the officers got to the car, and the defendant Hubbard attempted to make his escape by running. Defendant, Goen, testified that she was in charge of the premises; that whisky had been manufactured and sold by her husband, J. P. Goen, on said premises for a considerable length of time; that her husband was then a fugitive from justice and had left her in charge of the premises since the 10th day of March, 1921; that she had nothing to do with the manufacture of the whisky and had never sold any thereon, nor had she permitted any persons to congregate thereon for the purpose of drinking intoxicating liquor; but that she had contracted with Hubbard to come there that day in order to take the whisky her husband had left there away from the premises. The officers further testified that the still showed indications of having been recently used, that there was a quantity of mash found in a receptacle in the yard of said premises, and that the premises bore the general reputation of being a place where whisky was manufactured and kept for sale, etc.

The sole contention is that the evidence is insufficient to sustain the conviction. The undisputed evidence is that the premises had been for a long time operated for the distillation and sale of corn whisky. Under the wording of our liquor nuisance statute these premises constituted a liquor nuisance. The

testimony of the defendant, casting the entire blame on her husband for the maintenance and operation of these premises as a liquor nuisance, does not impress this court as true. According to her testimony her husband had been absent for a period of two weeks before this raid was made, and no good-faith effort was made on her part to notify the officers of the presence of the still on the premises or of the large quantity of corn whiskey which she claims her husband had left there. On the other hand, the evidence discloses that the still had been recently in operation; that there was a quantity of mash on the premises at the time the officers made the raid; that this defendant had, after the absence of her husband, called to her aid the defendant Hubbard, whom she admitted was a friend of her husband, and had assisted him in this unlawful enterprise. We think it is clear from this evidence that, instead of abating the nuisance after her husband was arrested and because a fugitive from justice, this defendant continued to operate said liquor nuisance on her own responsibility. Such is the only inference that can be drawn from the evidence in this record.

We deem the evidence sufficient to sustain the verdict and judgment, and for such reason the judgment is affirmed.