## LEO KINNEY v. STATE.

No. A-4392.    Opinion Filed Feb. 13, 1924.

(223 Pac. 198.)

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

Leo Kinney was convicted of maintaining a liquor nuisance, and he appeals. Reversed and remanded.

Bruce & Brewer, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Oklahoma county, wherein plaintiff in error was convicted for maintaining a liquor nuisance at No. 1407 East Sixth street, in Oklahoma City, Okla., on the 5th day of September, 1921, and his punishment fixed as above stated. The facts are about as follows:

The house located at 1407 East Sixth street was a one-story house of five rooms, with a back porch, owned and kept by some negroes by the name of Stevens, who were uncles of this defendant, and the evidence further shows that the mother of the defendant, who was a sister of the Stevenses, also lived at the place, as well as the grandmother of the defendant. The said place had a bad reputation as a place where intoxicating liquors were sold and where divers persons congregated for the purpose of drinking intoxicating liquor. The place had been raided and searched by the officers during the month of August, 1921, at which time liquor was found. Three of the Stevens men were arrested and charged with maintaining the place. The defendant was not there at the time and was not charged. On the 5th day

of September, 1921, at about 9 o'clock in the evening, the place was again raided, and Stokes Stevens, an uncle of this defendant, was arrested.

The defendant admits that he was there that evening visiting his mother, and testified that he lived in another part of town and was engaged as porter at a gas-filling station. No attempt was made by the state to disprove the testimony of the defendant that he did not reside at said place, nor that he was not engaged at that time in the business that he testified that he was engaged in. The only liquor found at the time of the raid on September 5, 1921, was a quantity of whisky contained in a gallon jug on the back porch of the premises and a number of empty bottles scattered around over the premises. The only evidence tending to connect the defendant with being the keeper or owner of the premises on the 5th day of September, 1921, was the fact that he was at the premises on the evening the raid was made. Whether at the time of the raid or later in the evening is not clear from the evidence before us.

This prosecution was based on section 7022, Compiled Statutes 1921, declaring places where liquors are kept to be used in violation of the prohibitory liquor laws to be public nuisances, and, among other provisions, providing that the owner or keeper of such places, upon conviction, shall be adjudged guilty of maintaining a public nuisance. It follows, therefore, that the gist of the offense is that the person charged must either be the owner or keeper of the premises, or else must directly aid or abet the owner or keeper of the premises in maintaining the said nuisance. There is no evidence in this record to show that the plaintiff in error was either the owner or keeper of said premises, and, further, there is no evidence to show that he directly aided or abetted the owner or keeper of the premises in maintaining

a place where liquor was sold or kept for purposes of violating the prohibitory liquor laws. The mere circumstance of his being found there on the 5th day of September, 1921, standing alone, in view of the fact that the record discloses that the residence was the home of his uncle, and of his mother, and of his grandmother, considered in connection with the defendant's testimony that he lived at another place and worked at another place, which facts were uncontradicted, is not sufficient upon which to permit this conviction to stand.

Undoubtedly this place was a public nuisance, and the owner or keeper thereof should have been punished under the facts. Stokes Stevens, an uncle of this defendant, was jointly tried with him, and was also convicted, and we believe properly so; but the conviction of the defendant, in our opinion, is unjust and unwarranted under the facts and circumstances, which raise only a suspicion that he may have been guilty of aiding and abetting his uncle in the unlawful disposal of intoxicating liquors from such premises. This defendant may, in fact, have been guilty. He probably did know that his uncles were engaged in maintaining a liquor nuisance on such premises; but to let a conviction stand against him, where the state wholly failed to meet its burden to connect him with the maintaining, either as owner or keeper of the alleged nuisance, or as an aider or abetter therein, would require the defendant to establish his innocence, rather than that the state should prove his guilt beyond a reasonable doubt.

For reasons stated, the judgment is reversed, and cause remanded to the trial court for further proceedings not inconsistent with this opinion.