## J. O. PRENDERGRAST v. STATE.

No. A-4748. Opinion Filed June 6, 1925.
(236 Pac. 903.)

M. S. Simms, for plaintiff in error.

EDWARDS, J. The plaintiff in error will be referred to as defendant, as in the court below. Defendant was convicted in the municipal criminal court of the city of Tulsa for having possession of whisky with intent to sell. Various assignments of error are presented attacking the constitutionality of the court, but as this contention has heretofore been decided adversely to defendant, it will not be further considered here. Buchanan v. State, 30 Okla. Cr.

362, 236 P. 903. Error is also predicated on the fact that the court called a jury for the trial of this case after express waiver by the defendant, which contention has been decided adversely to defendant in the case of Morrison v. State, 31 Okla. Cr. 11, 236 P. 901, just decided.

Complaint is made that evidence, obtained under a search warrant, was permitted to be used in evidence, when the warrant had not been served on the defendant, and that the evidence is insufficient to sustain the verdict, and that the verdict assessing the punishment is excessive. The evidence discloses that the search in question was made under a search warrant, and was served on an employee in charge of the kitchen of the place searched, and that, during the course of the search, the personal room of the defendant was searched and concealed in a chair were found five pints of whisky. Various other empty bottles were found, and in the kitchen a whisky glass that had just been used. Proof was admitted that the reputation of the house as a place where whisky was kept for sale was bad. Defendant testified in his own behalf, and his testimony was that he knew nothing about the whisky.

The evidence is ample to sustain the verdict. Its weight and credibility was for the jury and the verdict will not be disturbed on the ground of insufficiency. Where the charge is possession with intent to sell, the reputation of the place as a place where whisky is kept for sale is admissible. Bland v. State, 18 Okla. Cr. 514, 196 P. 732; Davis v. State, 16 Okla. Cr. 372, 182 P. 908; Caffee v. State, 11 Okla. Cr. 263, 145 P. 499.

We find no reversible error, and the case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.