## JIM FRAZIER v. STATE.

No. A-5017.  Opinion Filed Sept. 14, 1925.
(239 Pac. 185.)

McCollum & McCollum, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for the State.

EDWARDS, J.  From a conviction in the county court of Pawnee county for a violation of the prohibitory law, plaintiff in error, hereinafter called defendant, has appealed.

The defendant contends there was error in the fol-

lowing particulars: First, insufficiency of the information; second, the admission on behalf of the state of incompetent evidence, third, error in the court's instructions.

The information charges that the defendant maintained "a place where intoxicating liquors, to wit, whisky, * * * were received and kept for the purpose of bartering, selling, and giving away." The defendant contends that the information is insufficient under the holding of this court in the case of Proctor v. State, 15 Okla. Cr. 338, 176 P. 771. In the Proctor Case it is held that section 4, c. 26, Laws of 1913, is unconstitutional as making it a crime to have a mere intent to violate the law without any overt act having been committed. The section of the statute under which the prosecution in this case is had is section 7022, Comp. St. 1921 (section 13, c. 70, of the Laws of 1910-11). The case of Proctor v. State is therefore not in point as a construction of the statute upon which this prosecution is based. The information here charges both the intent and the overt act; it is sufficient. Kinney v. State, 26 Okla. Cr. 144, 223 P. 198; Small v. State, 21 Okla. Cr. 99, 210 P. 317; Ivey v. State, 26 Okla. Cr. 184, 223 P. 401.

It is next contended that the court committed error in the admission of incompetent and irrelevant testimony. This assignment is directed to evidence of reputation of the place, and to evidence of various persons that they had bought whisky at the place charged, and to evidence of the sheriff that he had raided the place and seized whisky. The reputation of a place where it is alleged whisky is kept with intent to sell is competent. Cameron v. State, 13 Okla. Cr. 692, 167 P. 339; Ward v. State, 15 Okla. Cr. 150, 175 P. 557; Bland v. State, 18 Okla. Cr. 514, 196 P. 732. See, also, Jones et al. v. State, 23 Okla. Cr. 9, 211 P. 1075; Goen v. State, 23 Okla. Cr. 370, 214 P. 1085; Barngrover v. State, 28 Okla. Cr. 22, 229 P. 301.

The fact of a raid by the sheriff on the place was not admissible as affecting the credibility of the defendant, or as proof of reputation of the place, but the finding of whisky there by the sheriff would be admissible as proof of the receiving and keeping of whisky. And, in like manner, the proof of purchase of whisky at the place of the defendant was admissible, and, while possibly the rules of evidence were not strictly adhered to in all particulars, yet we think that the admission of the evidence complained of does not constitute reversible error.

Lastly, it is contended that the court erred in his instructions in defining the offense for which the defendant was being prosecuted; it being the theory of the defendant that the prosecution was under section 4, c. 26, of the Laws of 1913. The instruction complained of clearly follows and defines the offense charged under section 7022, Comp. St. 1921. The contention is therefore not tenable.

Upon a consideration of the whole case, the defendant was properly charged under a valid statute, the evidence clearly establishes his guilt of the offense charged, and no reversible error is shown.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.