**Andrew Ronald TRAEGER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–136.**

Court of Criminal Appeals of Oklahoma.

April 5, 1974.

Frank R. Courbois, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Crosthwait, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appèllant, Andrew Ronald Traeger, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Oklahoma County, Oklahoma, for the offense of Robbery with a Dangerous Weapon. The State presented two witnesses and then rested. The defendant then demurred to the Information which had not been read to the jury as required by statute, requested a directed verdict, and demurred to the evidence. The trial court denied the relief sought. The defendant then rested and again requested the court

to sustain his demurrer which was overruled. Thereafter, the defendant asked leave to reopen the case for the purpose of the defendant taking the stand on his own behalf. The defendant informed the court that it was only 2:25 p. m., that the defendant's testimony would not be time consuming and that the State could in no way be prejudiced. The trial court refused to reopen the case and the matter was submitted to the jury. The jury returned a verdict of guilty and the defendant was sentenced to a term of five (5) years imprisonment in the state penitentiary.

The sole issue raised by the defendant's brief urges that the trial court committed reversible error in overruling the defendant's motion to reopen the case thereby denying the defendant his right to testify in his own behalf. With this contention we agree.

In the early case of Frisby v. State, 5 Okl.Cr. 660, 115 P. 472 (1911), this Court was faced with a very similar situation. In the *Frisby, supra,* case after the State rested the defendant announced that he rested and then interposed a demurrer to the evidence. The demurrer was overruled and the defendant thereupon asked leave to withdraw his announcement and the trial court refused. The defendant then offered to introduce evidence in his own behalf which was also denied by the trial court. On appeal this Court held as follows:

"* * * When the court had refused the relief asked for, he should have permitted the appellant to offer testimony in his behalf, and we think it was clearly an abuse of discretion to deny him this right. * * *"

In the instant case it is apparent from the record that, should the trial court have granted leave to reopen, the only witness to be called was the defendant; it was still early in the afternoon; the State could have no way been prejudiced; and justice would have been served. Therefore, for the reasons set out above, it is the opinion of this Court that the trial court abused its discretion in failing to allow the defendant to reopen said case, that said abuse of discretion constitutes reversible error in the instant case and that the judgment and sentence is reversed and remanded for new trial.

BRETT, and BUSSEY, JJ., concur.