Jerry W. HENDRICKSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–643.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1976.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Toby Mash, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Jerry W. Hendrickson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–4247, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony in violation of 21 O.S.1971, § 1435. His punishment was fixed at a term of ten (10) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Duke Burnett testified that he was operations vice president for Lear Petroleum Corporation, the parent company of Trinity Drilling Company. On November 9, 1975, defendant was not employed by Trinity, nor did he have permission to enter their building at 9512 North Santa Fe.

Officer Donald Chadler testified that on November 9, 1975, at approximately 2:10 a.m., he answered a silent alarm at the Trinity Drilling Company. Upon arriving he observed a black vehicle near the northwest gate, with the license tag partially bent. He approached the building and observed a window broken out on the west side. A man started climbing down from the window with a metallic object in his hand. He returned to his police unit, and because he had heard a moaning, radioed headquarters for an ambulance. A backup unit arrived and he returned to the window. The defendant was inside the building standing with his hands in the air. Defendant was transported to the city jail and searched during the booking process. He identified State's Exhibit No. 1, a calculator and State's Exhibit No. 2, a desk clock, which were found on defendant's person.

Debra Smith testified that she was employed by Trinity Drilling Company on November 9, 1975. She identified the two exhibits as property which was contained within the building.

For the defense, Gary James Gammil testified that he was acquainted with the defendant; however, he invoked his right against self-incrimination and refused to answer any further questions.

Both sides rested, and a stipulation was entered as to the former conviction.

Defendant asserts, as the sole assignment of error, that the trial court erred in overruling his motion to re-open the case for the purpose of allowing him to testify in his own behalf. The record reflects that after defendant's witness, Gammil, declined to testify, defendant announced that he rested. The trial court stated that it was late in the afternoon and that court would be adjourned until 9:00 a.m. the next day. The following morning the defendant moved to re-open the case so he could testify, claiming surprise that witness Gammil had declined to testify. Defendant cites as authority *Traeger v. State,* Okl.Cr., 521 P.2d 399 (1974), wherein we held that it was an abuse of discretion to refuse to allow a defendant to re-open to testify in his own behalf. We are of the opinion that *Traeger* is distinguishable from the instant case. In *Traeger v. State,* supra, we stated:

> ". . . [I]t was still early in the afternoon; the State could have no way been prejudiced; and justice would have been served. . . ."

In the instant case defendant called one witness and then rested. Court was adjourned until the following morning at which time defendant moved to re-open. In *Traeger,* we found that the State could not have been prejudiced by defendant reopening in that they had just rested and would have had witnesses available for rebuttal if needed. In the instant case the State could have been prejudiced in that they could not anticipate the necessity of having rebuttal witnesses available.

In dealing with a similar proposition in *State v. Massey,* 358 Mo. 1108, 219 S.W.2d

326 (1949), the Supreme Court of Missouri stated:

"The court considered it unfair to re-open the case for either party, each having announced they had closed their evidence, and the witnesses having been excused and scattered. Under the authorities no abuse of discretion is shown."

We thus conclude that the trial court did not abuse its discretion in overruling the defendant's motion to re-open. See, *Lewis v. State*, Okl.Cr., 458 P.2d 309 (1969) and *Sowle v. State*, Okl.Cr., 424 P.2d 993 (1967).

In conclusion, we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence is accordingly *AFFIRMED*.

BLISS, J., concurs.

BRETT, P. J., concurs in results.