## A. L. IVEY v. STATE.

No. A-3879.   Opinion Filed April 15, 1922.
(206 Pac. 257.)

(Syllabus.)

1. **Contempt—Assignments of Error—Record to Support.**—Assignments of error must be supported by the record.

2. **Same—Evidence Supporting Conviction.**—Evidence examined and held sufficient to sustain finding and judgment.

3. **Same—Reopening Case Discretionary.**—It is discretionary with trial court to permit party to reopen case for purpose of introducing further evidence.

4. **Evidence.—Judicial Notice of Prior Proceedings in Case.**—Courts of record take judicial notice of all prior proceedings in the case.

Appeal from District Court, Oklahoma County; George W. Clark, Judge.

A. L. Ivey was convicted of indirect contempt of court, and assessed a punishment of a fine of $200 and imprisonment of 60 days in the county jail, and he appeals. Affirmed.

On May 1, 1920, in cause No. 28090 in the district court of Oklahoma county, Okla., wherein the state of Oklahoma ex rel. O. A. Cargill, county attorney, and the plaintiff in error, A. L. Ivey, was one of the defendants, a temporary injunction was granted by George W. Clark, district judge,

restraining the defendant and others from maintaining a public nuisance on the premises described in the petition, a well-known road house located near the fair grounds in Oklahoma City, by making of said premises a public gambling house place for the sale of intoxicating liquors and of immoral resort. Such temporary writ of injunction was on said date served on this plaintiff in error personally, and due return of the service thereof made to the court.

On the 23d day of August, 1920, while said temporary injunction was still in force and effect, the said O. A. Cargill, county attorney, filed a formal written accusation against this plaintiff in error in said court, charging him with having violated said temporary order of injunction by having on the 21st day of August, 1920, conducted on said premises certain gambling games, craps, twenty-one, black jack, and poker, the same being played with cards for money, credits, and other representations of value, and on said date having also permitted certain gambling paraphernalia to be set up on said premises and used for gambling purposes, and also on said date defendant permitted numerous and divers persons to congregate on said premises to drink certain intoxicating liquors, to wit, whisky, beer and wine, which were then and there sold and bartered on said premises and on said date, all in violation of the temporary writ of injunction theretofore issued on the 1st day of May, 1920, and asking that the defendant be cited to appear in answer to said accusation, and to show cause why he should not be punished for contempt of court. The accusation was properly verified.

The court thereupon issued a citation, ordering the defendant to appear before the court on the 24th day of August, 1920, at 9 o'clock a. m., then and there to show cause why he should not be punished for contempt of court for the violation of the temporary injunction theretofore issued. This writ was

served on the defendant on the 23d day of August, 1920. Thereafter, on the 16th day of September, 1920, the cause came on regular for trial, and the defendant was present in person and by counsel, and answered ready for trial, and waived a jury, and interposed a demurrer to the accusation on the ground that it did not charge a public offense, which demurrer was overruled and excepted to. The cause then proceeded to trial before the court, a jury having been waived as heretofore stated, and the state introduced its evidence and closed. The defendant introduced no evidence.

The trial court, after hearing the evidence, proceeded to find the defendant guilty of having violated the temporary injunction granted on the 1st day of May, 1920, and assessed a punishment of a fine of $200 and imprisonment in the county jail for a period of 60 days, to which judgment the defendant excepted and has lodged an appeal in this court.

Orban C. Patterson and Victor A. Sniggs, for plaintiff in error.

George F. Short, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for the State.

MATSON, J. (after stating the facts as above). It is first contended that defendant was tried for an indirect contempt of court without any written accusation having been lodged against him. In answer to this assignment of error it is sufficient to state that the record does not support the same. We find in the record a sufficient written accusation lodged against the defendant as a basis for his attachment to show cause in defense of the charge that he had violated the temporary order of injunction theretofore issued in the proceeding.

It is next contended that the demurrer to the state's evidence should have been sustained, and that the trial court

should not have permitted the state to reopen its case after having closed the same for the purpose of introducing certain pleadings.

These assignments of error are not well founded. We deem the evidence sufficient to sustain the judgment. It was discretionary with the trial court to permit the state to reopen its case for the purpose of introducing the pleadings and orders in the original proceeding for the temporary injunction. Dix v. State, 15 Okla. Cr. 559, 179 Pac. 624.

These were matters of which the court could properly take judicial notice; therefore no harm could have resulted. State v. Bates, 22 Utah, 65, 61 Pac. 905, 83 Am. St. Rep. 768; Atkins v. State, 16 Ark. 574.

It is also contended that the judgment and sentence is ambiguous, in that no time is set for the beginning of it.

In Ex parte Eldridge, 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, it is held:

"The time fixed for execution of a sentence, or for the commencement of its execution, is not one of its essential elements, and, strictly speaking, forms no part of the judgment and sentence, which is the penalty of the law as declared by the court; while the direction with respect to the time of carrying it into effect is in the nature of an award of execution, so that where the penalty is imprisonment, the sentence may be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or some legal authority."

While the judgment provides that the term of sentence is to begin at and from the expiration of a former sentence, such language forms no part of the judgment itself, which is that the defendant shall be imprisoned for the period of 60 days in the county jail and pay a fine of $200. And, in order that no ambiguity may arise in enforcing the judgment, the same

is modified to provide that the imprisonment shall begin upon the delivery and reception of the defendant in the county jail of Oklahoma county. In all other respects the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.