## LON HALL et al. v. STATE.

No. A-9701. Feb. 8, 1940.
(99 P. 2d 166.)

452

Page & Spencer, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant was charged in the common pleas court of Oklahoma county with the offense of operating a motor vehicle upon the public highway for transportation of passengers for compensation without first having obtained from the Corporation Commission a permit; was tried, convicted and adjudged to pay a fine of $500, and has appealed to this court.

The defendant urges two grounds for reversal of this case:

(1) On account of the insufficiency of the evidence to sustain the conviction.

(2) Error of the court in permitting the state to reopen the case after both sides had rested for the purpose of taking additional testimony.

This is another of the so-called "Travel Bureau Cases." We shall not review the evidence in this case other than to say that the county attorney made a much stronger case herein than he did in the case against the same defendant, wherein we upheld the sufficiency of the evidence in an opinion rendered on February 1, 1940. Hall v. State, 68 Okla. Cr. 367, 99 P. 2d 163.

Under the authority of the foregoing case, together with that of Herring v. State, 60 Okla. Cr. 449, 64 P. 2d 921, and Herring v. State, 68 Okla. Cr. 32, 95 P. 2d 128, we hold that the evidence herein is amply sufficient to sustain the conviction.

In Herring v. State, 60 Okla. Cr. 449, 64 P. 2d 921, the court stated:

"Defendant who conducted a travel bureau, and who contracted with passengers for transportation to intrastate and interstate points, and fixed rates to be charged, the places where the passengers would take the conveyance, and the payment of fare, held guilty of operating a motor vehicle on public highway without a permit from the Corporation Commission, where neither defendant nor party transporting passengers had a permit for operation as a motor carrier, since party transporting passengers was a class B motor carrier, as defined by section 3700, Okla. St. 1931, as amended by Laws 1933, c. 156, § 1, 47 Okla. St. Ann. § 161."

At the close of the state's case, the defendant rested without the introduction of any evidence, whereupon a short recess was taken while the court prepared the instructions to the jury. Upon the reconvening of court, the county attorney asked permission to reopen the case for the purpose of taking the testimony of one witness

who had been subpoenaed, but was not available during the presentation of the state's case. The defendant strenuously objected to the introduction of this evidence, but the court overruled the objection and allowed the evidence to be introduced.

The witness was an employee of the Corporation Commission, who testified that neither the defendant nor J. Williamson, a codefendant, had any permit from the Corporation Commission to carry passengers in an automobile over the state highways for compensation.

This witness' name was indorsed on the information, and he had been subpoenaed to testify for the state. His testimony concerned only the evidence disclosed by a public record, and there is nothing in the record to show that the defendant was surprised by his testimony or to show that the court abused its discretion in allowing this evidence to be introduced.

We have long adhered to the rule that it is discretionary with the trial court to reopen the case for the purpose of introducing further evidence after both sides have closed; and unless a clear abuse of such discretion appears, no question is presented for review on appeal. Keltner v. State, 52 Okla. Cr. 150, 3 P. 2d 451; Winfield v. State, 18 Okla. Cr. 257, 191 P. 609; Ivey v. State, 21 Okla. Cr. 182, 206 P. 257; Quinton v. State, 53 Okla. Cr. 194, 9 P. 2d 51.

We hold that the action of the court was not an abuse of its decretion, and since the guilt of the defendant is clearly established, that the judgment should be affirmed.

It is so ordered.

DOYLE, P. J., and BAREFOOT, J., concur.