## MOONEY v. STATE.
### No. A–11926.

Criminal Court of Appeals of Oklahoma.

April 21, 1954.

Rehearing Denied Sept. 8, 1954.

Harland A. Carter and Richard A. Hays, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., Edgar R. Boatman, County Atty., Okmulgee County, Okmulgee, for defendant in error.

BRETT, Judge.

The plaintiff in error Don L. Mooney, 57 years old, defendant below, was charged in the Superior Court of Okmulgee county, Oklahoma, with having on or about January 13, 1952 committed against Myrtle Ann Dailey, a child under 14 years of age, the

crime of lewdly, and lasciviously touching and feeling of the private parts of said child, she being 9 years of age. The offense was allegedly committed in the city of Okmulgee, Oklahoma, in the Orpheum Theatre where the defendant enticed the said child to go with him. Title 21 O.S.1951 § 1123. The defendant was tried by a jury, found guilty, and his punishment fixed at 1 year in the state penitentiary; judgment and sentence was entered accordingly from which this appeal has been perfected.

This case was twice tried, the first trial resulting in a mistrial; the second trial in the conviction hereinbefore referred to. To obtain a reversal of the judgment and sentence the defendant urges 6 propositions.

 The first proposition is that the trial court erred in not granting a change of venue, for the alleged reason of prejudice. The defendant supported the application for change of venue with six affidavits and the state countered with three affidavits. Title 22 O.S.1951 § 561. We have examined the record in this regard and find the showing made by the defendant to merit a change of venue was entirely lacking. The affidavits offered in support thereof are general in their nature and consist of mere allegations of conclusions of prejudice, unsupported by allegations of specific facts in support of the prejudice alleged. The affidavits in light of the counter affidavits are entirely insufficient to show a general prejudice throughout the county. Mills v. State, 47 Okl.Cr. 365, 288 P. 496. It has been repeatedly held that:

"* * * to warrant change of venue on ground that fair trial cannot be had in the county it must appear that inhabitants of county have fixed opinion as to guilt of accused to extent that accused cannot have fair trial by impartial jury." Wininegar v. State, Okl.Cr., 257 P.2d 526, 527.

Jones v. State, Okl.Cr., 236 P.2d 102. The affidavits in support of the change of venue do not meet these requirements. Moreover:

"On application for change of venue, affidavit of defendant in support thereof must not only aver that minds of inhabitants of county in which cause is pending are so prejudiced against defendant that fair and impartial trial cannot be had therein, but must also set forth facts rendering fair and impartial trial there improbable." Wininegar v. State, supra.

The granting of a change of venue is within the sound judicial discretion of the trial judge and the:

"* * * trial court sits in judgment of question just as on any other question of fact that might be submitted to it, and unless it is clear that trial court has abused its discretion, or has committed error in its judgment, its finding will not be disturbed." Wininegar v. State, supra.

It does not appear that the trial court herein abused its discretion in denying the change of venue. We are of the opinion the defendant has failed to meet the burden on him of overcoming the presumption that he could get a fair and impartial trial in Okmulgee county. Rawls v. State, 86 Okl. Cr. 119, 190 P.2d 159.

 The defendant's second proposition urges the trial court erred in its failure to sustain his motion to dismiss the case. He urges the legislature did not intend the provisions of Title 21 O.S.1951 § 1123, were to apply to a case like this. The defendant cites no authority in support of the proposition. Furthermore, this statute has been before this court and convictions based thereon have been affirmed, involving a minor 9 years of age. Winn v. State, Okl.Cr., 236 P.2d 512, presents an almost identical case, though not so aggravated as the one at bar. Herein this record as testified to by the Dailey child shows that the defendant not only put his fingers in this child's private parts but also stuck his tongue in her mouth, and otherwise mauled and felt of her. (These acts clearly fall within the second definition of acts constituting the crime against which Title 21 O.S.1951 § 1123, is directed, reading in part as follows, "or any such adult person who shall intentionally and designedly look upon, touch, maul or feel of the body or private parts of

any child under the age of fourteen (14) years * * *.") See also Rich v. State, Okl.Cr., 266 P.2d 476; White v. State, Okl. Cr., 268 P.2d 310. It is true that the statute involved in Winn v. State, supra, was amended by O.S.1951, but not in such a manner as to affect the question herein involved.

The defendant's third contention is that the trial court erred in admitting in evidence testimony of Sheriff Kirby and Mrs. Dailey as to the defendant's greeting the child herein involved at the Yale Theatre and hugging her, after the things had occurred at the Orpheum Theatre hereinbefore set forth. Mrs. Dailey testified she observed the reddened cheeks of her daughter when she returned home from the Orpheum Theatre, and that she ascertained that such condition was produced by beard burns. Her daughter testified she had been invited by the defendant to go with him to the Yale Theatre, and had been cautioned not to tell her mother. The Dailey child's mother seeing her reddened cheeks, obtained information as to the reason therefor and of the invitation extended by the defendant to meet him there. (The defendant admitted he told her he was going there upon leaving the Orpheum.) The child testified he told her where he would be seated if she could meet him. Mrs. Dailey and Sheriff Kirby set a trap for the defendant with the child and shortly thereafter she went to the Yale Theatre and found the defendant seated as he said he would be. Mrs. Dailey who preceded her daughter into the theatre, saw her child go down the aisle and the defendant motion for her to come to him, then she said she observed him pull her up to him, and put his head against her. The sheriff thereupon being called, testified he saw the defendant with his arm around the little girl and his head on her shoulder. The defendant contends such evidence is inadmissible. To the contrary, in Doser v. State, 88 Okl.Cr. 299, 203 P.2d 451, 454, we said:

"It may be regarded as settled that where the offense charged is so connected with the other offenses sought to be proved as to form a part of an entire transaction, evidence of the latter may be given to show the character of the former."

And in Sparks v. State, Okl.Cr., 237 P.2d 159, we said:

"As a general rule, evidence of other offenses, though of the same nature, is not admissible for the purpose of showing that the defendant is guilty of the particular offense charged. An exception to this rule arises where the other offense or offenses tend to identify the defendant with the offense charged; or where such evidence is for the purpose of showing that the offense charged was part of a system, plan or scheme, including other like offenses so related to each other, that the evidence of one tends to establish the other."

Under the conditions and authorities, the foregoing evidence of things that occurred at the Yale Theatre were clearly admissible herein.

The defendant's fourth proposition is that the trial court erred in refusing the defendant the right to impeach Sheriff Kirby's evidence given in the second trial on the ground that the officer's testimony given on the second trial was contradictory to his evidence given in the first trial. The record shows that the state had concluded its case and rested with Sheriff Kirby's testimony. The defendant demurred to the state's case, and moved for a directed verdict of not guilty, which was overruled, with exceptions. Counsel proceeded with the opening statement for the defendant. The defendant was called as a witness in his own defense, was examined and cross-examined. Thereafter the defense called for Sheriff Kirby for further cross-examination for impeaching questions on the proposition that in the second trial he testified that defendant Mooney had his arms around the child, and his head on her shoulder. He stated into the record he wanted to further cross-examine Sheriff Kirby to impeach his denial by aid of the transcript of his testimony taken at the first trial, that he testified, "His arm was up on the back of the seat". The trial court refused the defendant's request, over his objection and exception. It has been held that the order in which

testimony shall be produced rests largely in the discretion of the trial court. Mathies v. State, 56 Okl.Cr. 308, 38 P.2d 588, and in the absence of a showing of a clear abuse of discretion, no question is presented for review on appeal. Hall v. State, 68 Okl.Cr. 451, 99 P.2d 166. As a basis for the foregoing contention the defendant proffered in evidence a transcript of the evidence taken at the first trial. Therein on this question the record shows the sheriff testified to the question, "Did you observe the position of his arms?", that "his arm circled the girl." There is little difference in the latter and the former statement, not enough to constitute substantial impeachment. Hence the trial court did not abuse its discretion in refusing to permit reopening of the state's case for the purpose of defendant's impeachment of Sheriff Kirby, where no impeachment in fact would have resulted. Certainly under these facts the defendant did not show a clear abuse of judicial discretion.

 The defendant's fifth proposition is that the county attorney made prejudicial remarks in his closing argument to the jury. The argument objected to is as follows:

"Thereafter, Mr. Steele made the closing argument to the jury. During which, the following proceedings were had:

"Mr. Steele: And he wouldn't expose himself, unless there was something wrong with him basically, of a criminal nature. And it is not legal under any law that I know of.

"Mr. Carter: That is not any evidence of perversion.

"Mr. Steele: I challenge that Ann Dailey said, 'He unfastened his clothes. His trousers. Exposed his privates.'

"Mr. Carter: There is no evidence of perversion in this case.

"Mr. Steele: If that is not perversion, I don't know one.

"The Court: I haven't instructed the jury on perversion. The jury draws conclusion as I have instructed. I think Mr. Steele's argument is perfectly all right.

"Mr. Carter: I take an exception to the ruling of the Court. And to the remarks of the Court."

Obviously the reference to the defendant exposing himself disclosed something basically wrong with him of a criminal nature, was supported by the testimony of the child in this case that, he did expose his privates and tried to make her touch them. We are of the opinion that the trial court properly ruled that this was legitimate argument. We agree, as the court said if that didn't constitute perversion, there is no such thing. The rule is correctly stated in Argo v. State, 88 Okl.Cr. 107, 200 P.2d 449, 450, as follows:

"The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant have a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

Moreover, it has been held that a conviction will not be reversed because of the argument of the county attorney to the jury, unless such argument, in view of the entire record, affected defendant's substantial rights, or caused bias or prejudice against him in the minds of the jury. Doolin v. State, 90 Okl.Cr. 188, 212 P.2d 136. Since the foregoing argument was predicated on the facts of the case and was a logical inference and deduction based thereon, we are of the opinion the same was warranted, and not an infringement on the defendant's rights.

 Defendant's proposition six is predicated on the alleged misconduct of jury foreman Cox. After deliberation the jury returned into court and the court made inquiry as to how they stood. The following occurred between the court and juror Cox in the presence of the other jurors:

"Mr. Cox: Judge, it has occurred to some of the jurors, what those candy

bars cost might be important. We didn't have the wrappers in the jury room.

"The Court: The price was not brought out. There is nothing in evidence as to how much the cost was.

"Juror: (Examining candy wrapper lying on Court Reporter's desk, it being same candy bar wrapper introduced in trial.) It says on here—

"The Court: Any conversation with the jury will have to come through the foreman. You all can take that to the jury room, but there was never anything in evidence as to the price of the candy bar.

"Mr. Cox: Some of us thought we had it figured out, but some of us had a question."

The record shows no objection was raised by the defendant at the time these things occurred. It is generally true that only those questions, unless jurisdictional, or of a fundamental character, can be considered on appeal which were raised in the trial court and exceptions taken. State v. Gray, 71 Okl.Cr. 309, 111 P.2d 514; Teague v. State, 58 Okl.Cr. 239, 52 P.2d 91; and when no objection is taken to a proceeding the same does not fall within the purview of the motion for new trial. Apparently counsel concurred in what was said and done by juror Cox or he would have objected then. There was no proper predicate laid and the matter not being jurisdictional or of a fundamental character will not constitute grounds for reversal. This issue is based upon the affidavit of counsel for the defendant in part as follows:

"In the deliberation of the jury on the merits of this case, Juror O. J. Hancock, explained to the jury that in the Orpheum Theater a 10¢ bar of candy costs 12¢ and a 5¢ bar of candy costs 7¢ and that if the witness purchased two bars of candy she probably bought one 12¢ bar and one 7¢ bar and spent 5¢ for a phone call it would make a total of 24¢. That if she had the 26¢ in her possession when she arrived home, plus the 24¢ spent as set out herein, it would total the 50¢ that the witness said she obtained from the defendant."

It has been held that:

"Affidavits or oral testimony of jurors are inadmissible to impeach their verdict, and affidavits of the defendant, or any other person, of alleged misconduct of a juror, upon information derived from particular jurors, are inadmissible to impeach the verdict." Brantley v. State, 15 Okl.Cr. 6, 175 P. 51.

If jurors cannot impeach their own verdict, certainly defense counsel should not be permitted to do so on the basis of sheer hearsay. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.