Dale Freeman SOWLE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13989.

Court of Criminal Appeals of Oklahoma.

March 8, 1967.

Norman A. Lamb, Enid, for plaintiff in error.

Jeff Hartmann, Asst. Atty. Gen., State of Oklahoma, for defendant in error.

NIX, Presiding Judge.

The plaintiff in error, Dale Freeman Sowle, who shall hereinafter be referred to as the defendant, was charged by information in the District Court of Garfield County with the crime of Operating a Motor Vehicle While Under the Influence of Alcohol. He was tried before a jury, found guilty, and his penalty assessed at Three Years in the penitentiary, and to pay a fine of One Dollar.

Defendant lodged his appeal in this Court within the time prescribed by law asserting several assignments of error.

We have reviewed the transcript of the testimony thoroughly, and concluded that to discuss all of the contentions of error would only be engaging in fruitless discussion.

The record reveals that this case involves a defendant who had four previous convictions for the crime of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor. The record of these previous convictions were stipulated to by defense counsel. The record reflects that defendant had been sentenced to a total of six years in the penitentiary prior to this conviction; which carried a sentence of three years.

[1] The evidence is sufficient to support the conviction, and the only thing for this Court to decide is whether there was error occurring at the trial; sufficient to justify reversal or modification.

■ Defendant contends that the state failed to prove venue. He had called it to the attention of the trial court by demurrer at the close of the state's case, and the trial judge permitted the state to re-open for the purpose of proving venue. Defendant contends this was prejudicial. With this contention, we cannot agree.

■ This Court has held many times that to re-open a case is within the sound discretion of the trial court, and unless an abuse of that discretion clearly appears, no question is presented for review. See, Hall v. State, 68 Okl.Cr. 451, 99 P.2d 166.

■■ Also, we have held innumerable times that venue may be proven by circumstantial evidence, and that the trial judge may take judicial notice of towns as being located in a particular county. See, Darnell v. State, 74 Okl.Cr. 33, 118 P.2d 1040.

It is to be noted that Officer Wheeler testified he was a patrolman on the Enid Police Force and had been for eleven years. That he was working as such on the night in question. He received a call and went to Polly & Peggy's Cafe on North Grand. He arrested the suspect and took him to the police station. Officer McFadden testified he was on duty as Sergeant on the Enid Police Force and was at the station when they brought defendant in. That certain tests were performed and he was of the opinion defendant was intoxicated. It constituted a close question as to whether these circumstances were sufficient to place the crime in Garfield County. It was certainly strong indication the crime was in the City of Enid. If so, the trial judge, under the Darnell case, supra, could have taken judicial knowledge that Enid was in Garfield County. Nevertheless, we fail to see where defendant was prejudiced thereby.

Defendant next complains that the remarks made by the trial judge in connection with defendant's objection to reopening the case for the purpose of proving venue, were prejudicial to defendant's cause. The record reflects that the following transpired:

"MR. LAMB: Your Honor, I would like to verbally and out loud state the objection to the state re-opening its case.

THE COURT: Well, you can just shout it from the house tops for all I care.

MR. LAMB: Thank you, Judge. That's all there is to it.

THE COURT: Let's go on.

MR. LAMB: I do object to this—

THE COURT: (Interposing) I have been at this business almost 24 years and I'm not conducting a law school today.

MR. LAMB: I appreciate that, Your Honor. I know that.

THE COURT: Go ahead with it.

MR. LAMB: Thank you."

After a recess, court resumed, and on page 98 of the case-made we find the following statements:

"THE COURT: Before we start on the defense here, I would like to have the court reporter read a statement that you made and which I did not get too clearly. I thought I heard it, therefore I want it read back in the presence of the jury.

THE REPORTER: 'The Court: Overruled. Leave is given to re-open the case.' 'Mr. Lamb: I'll go to the Supreme Court if I have to.'

THE COURT: Mr. Lamb, I am sure that statement was intended to be contentious on your part, but I am not going to accept it as such.

MR. LAMB: Thank you, Your Honor.

THE COURT: I said I wasn't going to conduct a law school here today, but I will conduct a law school for a moment. An appeal in a case of this kind is not to the Supreme Court. It is to the Court of Criminal Appeals.

MR. LAMB: That is a common term. That's what I meant by it.

THE COURT: I know what you meant by it.

MR. LAMB: All right.

THE COURT: But I'm taking no exception to it.

MR. LAMB: Nothing personal, Your Honor.

THE COURT: Well, if it wasn't personal, I don't know what you are talking about, but, as I say, I am not angry about it.

MR. LAMB: I do apologize, Your Honor.

THE COURT: I wasn't taking any exception to it, but, since it was given in the presence of the jury, I wanted the jury to know that wasn't even the right court to appeal to.

MR. LAMB: It is not the Criminal Court, but the Court of Criminal Appeals.

THE COURT: Court of Criminal Appeals.

MR. LAMB: Right, Your Honor, at this time, I thought I might want to call some witnesses, but I have changed my mind. I am not going to call any. At this time, since the state rests its case, we will stand mute."

This bickering between counsel and the trial judge certainly had no place before the jury. It may have satisfied the personal whim of the parties so engaged, but was at the expense of the defendant.

■ It is difficult for this Court to know who actually provoked such a discussion. We are unable to know in what tone of voice the words were uttered, or to see the expression of the respective faces, but we cannot emphasize too greatly the fact that such reprimands should not take place in the presence of the jury. They tend to prove nothing in the trial of a law suit. And, if they have to be said, it is much better to retire to the Judges' Chambers outside the hearing of the jury. We are supported in this conclusion by the case of

Garrett v. State, 74 Okl.Cr. 78, 123 P.2d 283, where this Court said:

"It is highly prejudicial for the trial judge to reprimand counsel for defendant in presence of jury, and the court should not, in presence of jury, accuse counsel for defendant with being in contempt of court."

Defendant next complains that the trial court committed error in his statement to the jury. It appears that the jury had deliberated approximately three hours; they were called in by the trial judge and the following transpired:

"THE COURT: Are you the foreman, Mr. Felt?

MR. FELT: Yes, sir.

THE COURT: Do you have a verdict?

MR. FELT: No, sir.

THE COURT: I'm wondering how near you are to a verdict. Don't tell me how you stand because I don't want to know, but are you any ways near a verdict at this time?

MR. FELT: I don't think so, sir.

THE COURT: How many ballots have you taken?

MR. FELT: Seven.

THE COURT: Seven?

MR. FELT: Six or seven. I believe it is seven, sir.

THE COURT: Well now, again don't tell me how you stand, even numerically, but tell me, have there been any changes in the ballot say in the last—oh, after the fourth or fifth one?

MR. FELT: Yes, sir.

THE COURT: Well, you are making progress then. What is your prediction as to how long it is going to take you?

MR. FELT: I wouldn't say, sir.

THE COURT: Do you think you probably will be able to agree?

MR. FELT: It don't look like it to me, sir.

THE COURT: I gather from what you say you probably feel there are some contrary ones on the jury.

MR. FELT: Yes, sir.

THE COURT: And probably some of the others feel the same way. I was just being facetious there. Well, you may be seated, if you will, Mr. Felt, if you want to. Under our law, the jury is supposed to be kept together until they .arrive at a verdict. It is now 5 minutes after 6:00 and, frankly—"

The defendant claims that from the judge's discussion with the jury he inferred "that they would be kept together until they reached a verdict". He also contends that when the trial judge made the remark, "I gather from what you say you probably feel there are some contrary ones on the jury"; it was coercive in nature.

 We are inclined to agree somewhat with defense counsel in that these remarks could have reflected against defendant. This Court has been very quick to condemn conversation between judge and jury, especially where it is of such nature as to leave inferences that are subject to different interpretation. This Court entered into a rather lengthy discourse on the matter in the case of Spomer v. State, Okl. Cr., 395 P.2d 657:

"The practice of the trial judge calling a jury in and lecturing them after they have failed to agree upon a verdict is condemned by this Court and if improper remarks are made that may tend to coerce the jury in arriving at a verdict, the case should be reversed.

"Not every improper remark justifies reversal, but if said remarks are such that cause a doubt as to whether defendant was prejudiced by said remarks, that doubt should be resolved in favor of the defendant.

"Since jurors are prone to place much credence upon remarks of trial judge, and his position merits said respect, he should refrain from making remarks that might be interpreted as coercion upon the jury."

Also, see, Calhoun v. State, Okl.Cr., 406 P. 2d 701, wherein the Court said:

"It is not improper for trial judge, after a jury has been deliberating for some time, to call them into court to ascertain whether there is reasonable probability of reaching a verdict and to inquire of the likelihood of them doing so. However, the court must exercise great caution to say nothing tending to coerce an agreement, to indicate his feelings in the case, or to invade the province of the jury."

This Court is of the opinion, in view of the foregoing discussion and contentions of error, that justice would be best served by a modification instead of reversal.

Though the alleged error's are of a border-line nature, we feel that defendant may have been prejudiced thereby as far as the amount of punishment received.

It is, therefore, the judgment of this Court that the sentence of Three (3) Years in the Oklahoma State Penitentiary be Modified and reduced to Eighteen (18) Months in the Oklahoma State Penitentiary, and otherwise, affirmed.

BUSSEY and BRETT, JJ., concur.