**Danny Ray CAPES, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14251.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

Purman Wilson, Purcell, J. Winston Raburn, Lawton, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Danny Ray Capes, hereafter referred to as defendant, was charged in the district court of Comanche County, Oklahoma, with the crime of Murder. When defendant's motion for continuance was granted, the case was transferred to the Superior Court of Comanche County for trial.

The information charging the crime of murder was filed on March 31, 1966, after defendant had a preliminary hearing in the Court of Special Sessions of Comanche County, and was bound over for trial in the district court. On May 17, 1966, defendant filed a motion to suppress the evidence, and a motion to quash the information. After hearing argument of counsel outside the hearing of the jury, defendant's motion to suppress was sustained; but the court overruled defendant's motion to quash the information. Because the defendant was eighteen years of age at the time of his arrest, the trial court ruled, as a matter of law, that defendant was not capable of waiving counsel at the time his statement was taken; and therefore ruled defendant's statement to be inadmissible as evidence. Insofar as the jury had already been selected, when the hearing was had on defendant's motions, the trial proceeded. On October 14, 1966 the jury returned a verdict finding defendant guilty of manslaughter in the first degree and assessed his punishment at sixty years imprisonment.

The alleged facts, briefly stated, are: on the evening of February 23, 1966, after consuming a quantity of beer, defendant drove into the Quality Service Station north of Lawton, Oklahoma, for the purpose of robbing the service station attendant; that during the process of committing armed robbery with a shotgun, the defendant shot the station attendant and killed him. One witness drove into the station while defendant was sitting in his pickup truck with the shotgun pointing out the car door, and saw the attendant lying on the driveway of the service station. The witness observed the license number of defendant's pickup truck and sped away, with defendant firing one shot at him from the shotgun. The witness reported the incident to the highway patrol, and shortly thereafter defendant was apprehended. Prior to his apprehension however, defendant disposed of the shotgun at a friend's house, but the gun was later recovered by the police when defendant informed them where to find it. The evidence at the trial revealed that the deceased service station attendant died of a massive shotgun wound.

Defendant was ably represented at his trial by counsel of his own choice and he testified in his own behalf. Defendant testified that the shotgun fired accidently when the deceased grabbed the barrel of the gun, while he was trying to hand it to the service station operator to keep until the next morning, to cover the cost of gasoline put into the pickup truck. Defendant denied that he was in the process of robbing the station operator, but he did admit firing the shot at the pickup truck of the witness, as it drove out of the station.

█ Defendant's brief cites four propositions of error, but since the third proposition is not supported by any authority, we will therefore follow the rule this Court announced in Collins v. State, Okl.Cr.App., 407 P.2d 609:

"It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citation of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred."

█ We might state further however, with reference to defendant's proposition three, that insofar as the confession defendant made was not admitted into evidence, we fail to see how the defendant was prejudiced. The evidence, even though defendant's testimony attempted to

create conflict, was sufficient to sustain the conviction of first degree manslaughter without considering anything which might be learned from the confession. We would point out also, with reference to defendant's contention that the trial court lacked jurisdiction to try defendant, because the confession was admitted at the preliminary hearing, that a preliminary hearing is not a trial and does not require sufficient evidence to convict the defendant, but only to show that a crime was committed and the probability that the defendant at the bar may have committed the crime. See: Taylor v. State, 96 Okl.Cr. 1, 247 P.2d 749; McAllister v. State, 97 Okl.Cr. 167, 260 P.2d 454.

■ Defendant's first proposition contends that the trial court erred in not granting his motion for change of venue, because of the publicity provided by the various news media. We fail to find in the record anything which will support defendant's contention for change of venue on that basis. We observe the casemade contains three newspaper articles which were dated February 23, 24, and 25, 1966, and two others which bear the dates of June 8 and 9, 1966, whereas defendant's trial commenced on September 19, 1966. The voir dire is not in the record, so we do not have that portion of the trial to consider. Further, the witnesses offered by defendant to sustain his motion for change of venue did not do so. Defendant's witnesses testified that they had no opinion concerning whether or not defendant could receive a fair trial in Comanche County.

This Court recited in Mooney v. State, Okl.Cr.App., 273 P.2d 768:

"To warrant change of venue on grounds that fair trial cannot be had in the county it must appear that inhabitants of county have fixed opinion as to guilt of accused to the extent that accused cannot have a fair trial by impartial jury."

This Court also held in Shapard v. State, Okl.Cr.App., 437 P.2d 565:

"Mere fact that there has been widespread adverse pretrial publicity about defendant does not, by itself, establish reasonable probability that defendant cannot obtain a fair and impartial jury at criminal trial * * *."

■ Defendant's second proposition contends that the trial court committed error when the death certificate of the deceased service station operator was admitted into evidence, over his objections. In support of his proposition he cites Edwards v. State, 85 Okl.Cr. 125, 186 P.2d 333, which is not applicable to the facts of this case. He also cites Article II, Sec. 20, of the Oklahoma Constitution which provides that one accused of crime must be confronted with the witnesses against him. In the instant case, the doctor who executed the death certificate was in the military service in Viet Nam, and was not available to testify. Defendant objected to the introduction of the death certificate on the grounds that it was inadmissible as hearsay evidence. The trial judge admitted the evidence after hearing arguments of counsel, outside the hearing of the jury.

Admittedly the death certificate alone is hearsay evidence; and under ordinary circumstances, assuming also if the certificate were the only evidence of the death, defendant's contention of reversible error would have merit. However, under the facts of this case there was other independent evidence and testimony offered by the State to sufficiently prove the death, and the cause therefor. In his own testimony defendant said that the gun fired while he was attempting to give it to the deceased. Edwin Porter testified that he saw the attendant's body lying in the service station driveway, immediately before he drove away when defendant fired a shot at his pickup truck. Lt. John Pruitt, of the Lawton police, testified that he examined the deceased's body, and in his opinion the man was dead. Mr. Dan Glascock, the mortician who prepared the body for burial, testified concerning the wound inflicted on the deceased, and identified the clothing

which contained the hole caused by the shotgun blast. Consequently, the introduction of the death certificate was merely cumulative evidence to prove the death. The only aspect of the certificate which was actually hearsay evidence was "Section 20," which was checked as designating that the death was caused by "homicide." Therefore, under the facts of this case we must conclude that if it were error to admit the death certificate that such constituted harmless error, and is not sufficient to justify the reversal of this case.

Defendant's last proposition relates that he was denied his constitutional rights, when he was questioned without having benefit of counsel and without his parents being present. Insofar as the defendant's motion to suppress the confession was sustained by the trial court, we can see little merit in this proposition with relation to the confession. Likewise, the defendant testified in his own behalf and related his explanation of what transpired, which was not believed by the jury. These aspects considered along with the fact that defendant also testified that he telephoned the police, met them on the road, and thereafter freely told them where they could find the shotgun, all of which discounts defendant's contention and clearly takes it outside the scope of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.E.2d 694. This is especially true considering the implication in the brief that defendant was a minor of tender years. He was a married man and the father of a minor child, so we see little merit to this proposition.

From the record before the Court, it is clear that defendant received a fair trial according to due process of law; the evidence was sufficient to sustain the verdict and the punishment imposed by the jury was within that prescribed in the statutes for first degree manslaughter. We are therefore of the opinion that the judgment and sentence imposed in this case should be, and the same is, affirmed.

BUSSEY and NIX, JJ., concur.