Johnnie Booker JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14395.

Court of Criminal Appeals of Oklahoma.

April 9, 1969.

Jo-Ann **Fisher** Corrigan, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Johnnie Booker Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County for the crime of Receiving Stolen Property; his punishment was fixed at four years imprisonment in the State Penitentiary at McAlester, and he appeals.

Although the defendant argues several assignments of error, we deem only two of them to have sufficient merit to warrant discussion in this opinion.

Defendant first contends that the evidence is wholly insufficient to establish that the property found in the possession of the defendant was stolen and therefore the conviction cannot be sustained. Our examination of the testimony of Larry Emmer, both on direct examination prior to the State's resting, and on direct examination after the State was allowed to reopen, discloses that there was positive testimony that the property found in the possession of the defendant was stolen and we must therefore conclude that this assignment of error is without merit.

It is next contended that the trial court erred in allowing the State to reopen the case after the defendant had interposed a Demurrer to the evidence in chief. We have repeatedly held that it is discretionary with the trial court to reopen a case for the purpose of introducing further evidence, and unless a clear abuse of such discretion appears, no question is presented for review on appeal.[1] We are of the opinion that the testimony of Larry Emmer, given after the State was allowed to reopen, although cumulative, tended to clarify for the jury his testimony previously given and under such circumstances did not constitute an abuse of discretion.

The defendant also argues that the punishment imposed was excessive but fails to cite any authority in support thereof. We have carefully searched the record and find that the evidence amply supports the verdict of the jury, the punishment imposed was well within the range provided by law, and the record is free of any error which would justify modification or reversal. We must accordingly hold that the punishment imposed was not excessive and that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., concurs.

1. See Hall v. State, 68 Okl.Cr. 451, 99 P. 2d 166; Ballard v. State, 92 Okl.Cr. 420, 223 P.2d 782; Ethridge v. State, Okl.Cr., 418 P.2d 95.